UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. CV 18-8605 JVS (SSx)     Date   July 15, 2020

Title    **Phillip Alvarez v. Sirius XM Radio Inc.**

Present: The Honorable    **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**    **[IN CHAMBERS] Order Regarding Motion for Preliminary Approval of Class Action Settlement**

Plaintiffs Philip Alvarez, Randall Bettison, Marc Kelleher, and Darlene Vaugh (collectively, "Plaintiffs") moved for preliminary approval of a class action settlement. Mot., Dkt. No. 69. Defendant Sirius XM Radio Inc. ("Sirius XM") does not oppose the motion.

For the following reasons, the Court **GRANTS** Plaintiffs' motion certifying the proposed Settlement Class, **GRANTS** preliminary approval of the proposed settlement, directs dissemination of notice to the Class pursuant to the proposed notice plan, and appoints Epiq Class Action & Claims Solutions, Inc. as the Settlement Administrator for the dissemination of notice.

## I. BACKGROUND

### A. Allegations and Procedural History

The background is drawn from Plaintiffs' First Amended Complaint ("FAC") and is therefore based solely on allegations.

Sirius XM sold lifetime subscriptions to consumers. FAC, Dkt. No. 67 ¶ 1. Sirius XM advertised and sold its lifetime subscriptions to consumers by leading consumers to believe that such lifetime subscriptions were for the lifetime of the consumer. Id. ¶ 16. However, when consumers have tried to transfer their lifetime subscriptions from one receiver to another or from one automobile to another, Sirius XM has taken the position that the "lifetime" referred to is not the lifetime of the purchasing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 18-8605 JVS (SSx) | Date | July 15, 2020 |
| Title | Phillip Alvarez v. Sirius XM Radio Inc. | | |

consumer, but the lifetime of the receiver or automobile. Id.

Alvarez filed this action in Los Angeles County Superior Court on August 28, 2018, alleging violations of the UCL and CLRA, as well as fraudulent and negligent misrepresentation. Not., Dkt. No. 1. Sirius XM removed this action to this Court on October 5, 2018. Id.

The Settlement resolves three separate class action lawsuits filed by the Named Plaintiffs against Sirius XM: Vaugh v. Sirius XM Radio Inc., No. 1:18-cv-10331-NLH-AMD (D.N.J.) ("Vaugh"), Alvarez v. Sirius XM Radio Inc., No. 2:18-cv-08605-JVS-SS (C.D. Cal.) ("Alvarez"), and Bettison v Sirius XM Radio Inc., 3:18-cv-01065-PK (D. Or.) ("Bettison"), as well as the individual claim of Wright in the class action entitled Wright v. Sirius XM Radio Inc., No. 8:16-cv-01688-JVS-JCG (C.D. Cal.) ("Wright"). Declaration of Robert Ahdoot ("Ahdoot Decl."), Dkt. No. 69-1 ¶ 2.

**B.    Summary of the Settlement**

   **1.    The Settlement Class**

The Settlement Class is defined as:

All Persons in the United States who purchased a paid subscription from Sirius XM (or one of its predecessors) that was marketed as a "lifetime plan" or "lifetime subscription." Excluded from the Class are: Sirius XM and its parents, subsidiaries, or any entities in which it has a controlling interest, as well as Sirius XM's officers, directors, employees, affiliates, legal representatives, heirs, predecessors, successors, and assigns. Also excluded are any Judges to whom this case is assigned as well as their judicial staff and immediate family members.

Settlement Agreement ("SA"), Dkt. No. 68 ¶ 33.

The Settlement Class currently consists of approximately 964,000 individuals. As of the execution date of the Settlement Agreement, approximately 838,000 individuals have Active Lifetime Subscriptions ("Active Subscribers"), and approximately 126,000 have Inactive Lifetime Subscriptions ("Inactive Subscribers"). Id. ¶¶ 2, 19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 18-8605 JVS (SSx)                               Date   July 15, 2020

Title      **Phillip Alvarez v. Sirius XM Radio Inc.**

### 2. Settlement Amount and Injunctive Relief

The proposed Settlement achieves a "Lifetime Subscription" for Settlement Class Members that can actually last for their lifetime, as opposed to a maximum of four Devices. SA ¶¶ 66-68. Pursuant to the Settlement, Settlement Class Members will be able to transfer their Lifetime Subscriptions to an unlimited number of different Devices, for a charge of $35 per transfer (a reduction from Sirius XM's $75 per transfer fee). Id. ¶ 66(a).

In the event a Settlement Class Member no longer holds an Active Lifetime Subscription (but, rather, an Inactive Lifetime Subscription that, for instance, expired along with a Device, or was converted to a yearly, monthly, or some other subscription), he or she will have the option of reactivating that Lifetime Subscription (at no charge) with the above benefits, or claiming $100 in cash. Id. ¶ 67.

Internet streaming of Sirius XM's radio service will be made available to inactive lifetime subscribers who choose to reactivate, with no additional fee paid to Sirius XM (Internet streaming is already available to active lifetime subscribers at no additional fee paid to Sirius XM). Id. ¶ 66(c).

Plaintiffs' expert, Christian Tregillis, opines that the Settlement's benefits are worth approximately $96.4 million. Declaration of Christian Tregillis ("Tregillis Decl.") ¶ 35.

### 3. Attorneys' Fees and Costs

Class Counsel means are (i) Robert Ahdoot and Tina Wolfson of Ahdoot & Wolfson, PC, (ii) Keith S. Dubanevich of Stoll Stoll Berne Lokting & Shlachter, PC, and (iii) Cornelius P. Dukelow of Abington Cole & Ellery.

Class Counsel will request fees and expenses not to exceed $3,500,000, to be paid by Sirius XM. Id. ¶ 76.

### 4. Administrative Expenses and Service Awards

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 18-8605 JVS (SSx)    Date  July 15, 2020

Title  **Phillip Alvarez v. Sirius XM Radio Inc.**

Sirius XM has agreed to pay for the costs of the settlement notice and administration, court-approved attorneys' fees and expenses up to $3.5 million, and Service Payments for each Named Plaintiff and Paul Wright up to $5,000 each. SA ¶¶ 45, 75-78.

The Settlement Administrator shall be responsible for administrative tasks, which shall include, (a) arranging for distribution of the Class Notice and Claim Form to Settlement Class Members; (b) making any mailings to Settlement Class Members required under this Settlement Agreement; (c) forwarding written inquiries from Settlement Class Members to Class Counsel or their designee; (d) establishing and maintaining the Settlement Website, and any internet banner advertisements, subject to review and approval by the Parties; (e) distributing cash payments to Settlement Class Members with Inactive Lifetime Subscriptions, to the extent that such Settlement Class Members submit timely, valid and correct Claim Forms. Id. ¶ 43.

### 5.    Release

Plaintiffs shall completely release and forever discharge Sirius XM and each of its past, present or future parents, subsidiaries, affiliates, officers, directors, employees, general or limited partners, insurers, legal representatives, trustees, attorneys, shareholders, agents, assigns, and third party suppliers and vendors (collectively, the "Released Parties") from any and all claims, counterclaims, lawsuits, set offs, costs, losses, rights, demands, charges, complaints, actions, causes of action, obligations, or liabilities of any and every kind, including without limitation (i) those known or unknown or capable of being known, (ii) those which are unknown but might be discovered or discoverable, and (iii) those accrued or unaccrued, matured or not matured, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, all from the beginning of the world until today, that arise out of or in any way relate or pertain to claims, no matter how styled, (a) that were asserted, or attempted to be asserted, or that could have been asserted, based on the facts alleged in the Cases, the Action and / or the Consolidated Class Action Complaint, or (b) that arise out of, relate to, or are in connection with the sale of Sirius XM's Lifetime Subscriptions, whether arising out of common law, state law, or federal law, whether by Constitution, statute, contract, common law, or equity, or (c) that arise out of, relate to, or are in connection with the administration of the Settlement (the "Released Claims"). SA ¶ 83.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. CV 18-8605 JVS (SSx)     Date   July 15, 2020

Title    **Phillip Alvarez v. Sirius XM Radio Inc.**

### 6. Notice

The parties propose that Epiq serve as Settlement Administrator to provide notice, administer the claim process, distribute payments, and provide other services necessary to effectuate the Settlement Agreement. SA ¶ 43.

Epiq shall establish a Settlement Website which will contain the Long Form Notice and inform Settlement Class Members of relevant dates and deadlines and related information. Id. ¶ 51. The Settlement Website shall provide Settlement Class Members with Inactive Lifetime Subscriptions the ability to submit a Claim Form electronically. Id. To the extent reasonably possible, the Settlement Website shall also provide Settlement Class Members with the ability to determine the number of Lifetime Subscription accounts they hold and whether any such account is an Inactive Lifetime Subscription or Active Lifetime Subscription. Id.

Within 45 days after the entry of the Preliminary Approval Order and to be substantially completed not later than 60 days after entry of the Preliminary Approval Order, the Settlement Administrator shall commence distribution of individual notice to Person(s) believed to be included in the definition of the Settlement Class. Id. ¶ 52. Epiq will email those persons for whom an email address is available. Id.

A Postcard Notice will be mailed via USPS first class mail to all undeliverable email notices after several attempts to deliver the email notice. Declaration of Cameron Azari, Dkt. No. 68-5 ¶ 12. Both individual mailed notice and email notice will direct the recipients to a case website dedicated to the settlement where they can access additional information. Id. The individual notice effort will be supplemented by a targeted media campaign, which will include newspaper, online media, and a case website. Id. The supplemental media notice will help reach those Settlement Class Members for whom the notice may be undeliverable. Id.

### 7. Opt-Out and Objection Process

Each person who is included in the definition of the Settlement Class shall have the right to opt-out. SA ¶ 59(a). The Summary Notice and Long Form Notice shall inform each such Person of his or her right to request exclusion from the Settlement Class and not to be bound by the Settlement Agreement. Id. ¶ 59(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 18-8605 JVS (SSx) | Date | July 15, 2020 |
| Title | Phillip Alvarez v. Sirius XM Radio Inc. | | |

Active Subscribers will receive the benefits of the Settlement automatically. In the event an Active Subscriber does not opt out, then he or she will be subject to the releases set forth in the Settlement.

Inactive Subscribers must submit a Claim Form to obtain the Settlement's benefits (i.e. reactivation of the Lifetime Subscription or a $100 payment). SA ¶ 68(a), Ex. A (Claim Form). Claim Forms may be submitted on-line (through the Settlement Website) or by mail. In the event an Inactive Subscriber does not submit a Claim Form, and does not opt out, then he or she will be subject to the releases set forth in the Settlement. Settlement Class Members will be provided an opportunity to determine whether they have either Inactive Lifetime Subscriptions or Active Lifetime Subscriptions (as of the Settlement Agreement's date) via a tool on the Settlement Website's landing page. Id. ¶ 51.

Any Person who is included in the definition of the Settlement Class who is not a Successful Opt-Out and who wishes to object to the proposed Settlement must, on or before the Opt-Out and Objection Deadline, mail or hand-deliver written objections to the Settlement ("Objections") to Class Counsel and Counsel for Sirius XM, at the addresses set forth in the individual or publication notices, and file, mail or hand-deliver the Objections simultaneously to the Court. Id. ¶ 60(a).

### 8. Revocation of Agreement

The Settlement Administrator shall provide a list of any and all Successful Opt-Outs to the Parties within five days after the Opt-Out and Objection Deadline. Sirius XM may terminate this Agreement no later than 20 days after the Opt-Out and Objection Deadline, at its option, if more than 200 Persons or entities who fall under the definition of the Settlement Class are Successful Opt-Outs. SA ¶ 94.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure Rule 23(e) states that "[t]he claims … of a certified class—or a class proposed to be certified for purposes of settlement—may be settled . . . or compromised only with the court's approval." "The parties must provide the court with information sufficient to enable it to determine whether to give notice of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 18-8605 JVS (SSx) | Date | July 15, 2020 |
| Title | Phillip Alvarez v. Sirius XM Radio Inc. | | |

propos[ed] [settlement] to the class." Fed. R. Civ. P. 23(e)(1)(A). "The court must direct notice in a reasonable manner to all class members who would be bound by the proposal if giving notice is justified by the parties' showing that the court will likely be able to: (i) approve the propos[ed] [settlement] under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Id. 23(e)(1)(B)(i)(ii).

### III. DISCUSSION

**A.    Preliminary Approval of the Proposed Class Settlement**

**1.    The Fairness Factors Support Settlement Approval**

Under Rule 23(e)(2) if the proposed settlement would bind class members, the Court may approve it only after a hearing and only on finding that it is fair, reasonable and adequate. To make this determination, the Court must consider the following factors:

(A) the class representatives and class counsel have adequately represented the class;
(B) the proposal was negotiated at arm's length;
(C) the relief provided for the class is adequate, taking into account:
    (i) the costs, risks, and delay of trial and appeal;
    (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
    (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and
    (iv) any agreement required to be identified under Rule 23(e)(3); and
(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

Before the revisions to the Federal Rule of Civil Procedure 23(e), the Ninth Circuit had developed its own list of factors to be considered. See e.g., In re Bluetooth Headset Products Liab. Litig., 654 F.3d 935, 964 (9th Cir. 2011) (citing Churchill Vill., L.L.C. v. Gen. Elec., 361 F.3d 566, 575 (9th Cir. 2004)). The revised Rule 23 "directs the parties to present [their] settlement to the court in terms of [this new] shorter list of core concerns[.]" Fed. R. Civ. P. 23(e)(2), 2018 Advisory Committee Notes. "The goal of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 18-8605 JVS (SSx)                                    Date   July 15, 2020

Title         **Phillip Alvarez v. Sirius XM Radio Inc.**

[amended Rule 23(e)] is . . . to focus the [district] court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal." Id.

### a.   Adequacy of Representation by Class Representatives and Class Counsel

Under Rule 23(e)(2)(A), the first factor to be considered is whether the class representatives and class counsel have adequately represented the class. This analysis includes "the nature and amount of discovery" undertaken in the litigation. Fed. R. Civ. P. 23(e)(2)(A), 2018 Advisory Committee Notes.

Class Counsel are experienced in class action litigation. Ahdoot Decl. ¶¶ 30-37; Declaration of Cornelius Dukelow ("Dukelow Decl."), Dkt. No. 69-3 ¶¶ 2-5.

Although the Wright action did not proceed far into the discovery period, that action was litigated in this Court and in the Ninth Circuit before the Settlement was reached. Sirius XM disclosed evidence under mediation privilege, and thus the extent of discovery completed is more extensive than the stage of proceedings alone might suggest. Ahdoot Decl. ¶ 12. Class Counsel conducted a thorough examination, investigation, and evaluation of the relevant law, facts, and allegations to assess the merits of the claims and potential claims to determine the strength of liability, potential remedies, and all defenses thereto. Id. ¶ 13.

Because Plaintiffs and Class Counsel have adequately represented the Class, this factor weighs in favor of preliminary approval.

### b.   Negotiated at Arm's Length

The second Rule 23(e)(2) factor asks the Court to confirm that the proposed settlement was negotiated at arm's length. Fed. R. Civ. P. 23(e)(2)(B). As with the preceding factor, this can be "described as [a] 'procedural' concern[], looking to the conduct of the litigation and of the negotiations leading up to the proposed settlement." Fed. R. Civ. P. 23(e)(2), 2018 Advisory Committee Notes. "[T]he involvement of a neutral or court-affiliated mediator or facilitator in [settlement] negotiations may bear on whether th[ose] [negotiations] were conducted in a manner that would protect and further

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 18-8605 JVS (SSx) | Date | July 15, 2020 |
| Title | Phillip Alvarez v. Sirius XM Radio Inc. | | |

the class interests." Fed. R. Civ. P. 23(e), 2018 Advisory Committee Notes; accord Pederson v. Airport Terminal Servs., No. 15-cv-02400, 2018 WL 2138457, at *7 (C.D. Cal. April 5, 2018) (the oversight "of an experienced mediator" reflected noncollusive negotiations).

The parties participated in a full-day mediation session before the Honorable Carl J. West (Ret.) on November 29, 2018. Ahdoot Decl. ¶ 11. A settlement was not reached at the mediation session. The parties reached an agreement in principle immediately before oral argument before the Ninth Circuit, on December 5, 2018. Id. ¶ 15. Plaintiffs began to negotiate attorney fees only after the parties reached an agreement on all other terms of the Settlement. Ahdoot Decl. ¶ 17; Dukelow Decl. ¶ 4; Declaration of Keith S. Dubanevich ("Dubanevich Decl."), Dkt. No. 69-2 ¶ 6.

The Court is confident in the arm's length process the Parties undertook, and that the Settlement is not the production of collusion.

### c. Adequacy of Relief Provided for the Class

The third factor the Court considers is whether "the relief provided for the class is adequate, taking in to account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)." Fed. R. Civ. P. 23(e)(2)(C). Under this factor, the relief "to class members is a central concern." Fed. R. Civ. P. 23(e)(2)(C), Advisory Committee Notes.

#### i. Costs, Risks, and Delay of Trial and Appeal

"A[] central concern [when evaluating a proposed class action settlement] . . . relate[s] to the cost and risk involved in pursuing a litigated outcome." Fed. R. Civ. P. 23(e), 2018 Advisory Committee Notes. In evaluating this factor, the Court "must stop short of the detailed and thorough investigation that it would undertake if it were actually trying the case[.]" Kullar v. Foot Locker Retail, Inc., 168 Cal. App.4th 116, 130 (2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 18-8605 JVS (SSx) | Date | July 15, 2020 |
| Title | **Phillip Alvarez v. Sirius XM Radio Inc.** | | |

"In the context of a settlement . . . the test is not the maximum amount plaintiffs might have obtained at trial on the complaint, but rather whether the settlement is reasonable under all of the circumstances." Wershba v. Apple Computer, Inc., 91 Cal. App.4th 224, 250 (2001).

Plaintiffs contend that they are confident that they would succeed if this case proceeded to trial. Mot. at 19. However, given the obstacles and inherent risks Plaintiffs face with respect to their claims, the substantial benefits the Settlement Agreement provides favor preliminary approval.

### ii.    Effectiveness of Proposed Method of Relief Distribution

Next, the Court must consider "the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims." Fed. R. Civ. P. 23(e)(2)(C). "Often it will be important for the court to scrutinize the method of claims processing to ensure that it facilitates filing legitimate claims." Fed. R. Civ. P. 23(e), 2018 Advisory Committee Notes. "A claims processing method should deter or defeat unjustified claims, but the court should be alert to whether the claims process is unduly demanding." Id.

The Claim process is only required for the minority of Settlement Class Members who are Inactive Subscribers. It requires logging on to the Settlement Website and submitting a Claim there, or a Settlement Class Member may print the Claim form from that website and mail a filled-in hard-copy to the Settlement Administrator if they prefer. SA ¶ 68(a)- (b).

The Settlement Agreement details eligibility for an individual recovery. The Court finds that this process is not unduly demanding, and that the proposed method of distributing relief to the Class is effective.

### iii.    Terms of Proposed Award of Attorneys' Fees

Third, the Court must consider "the terms of any proposed award of attorneys' fees, including timing of payment." Fed. R. Civ. P. 23(e)(2)(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 18-8605 JVS (SSx)  Date  July 15, 2020

Title  **Phillip Alvarez v. Sirius XM Radio Inc.**

Class Counsel seeks $3.5 million in attorneys' fees. SA ¶ 76. Plaintiffs' expert estimates that the Agreement is worth $96,400,000. Declaration of Christian Tregillis, Dkt. No. 69-9 ¶ 35.

Class Counsel will need to provide the relevant information to justify their entitlement to their requested fee award, including a lode star calculation with evidentiary support, which Class Counsel shall file within 60 days of preliminary approval.

    iv.    <u>Agreement Identification Requirement</u>

The Court must also evaluate any agreement made in connection with the proposed Settlement. <u>See</u> Fed. R. Civ. P. 23(e)(2)(C)(iv), (e)(3).

Here, the Settlement Agreement before this Court is the only agreement. Thus, the Court need not evaluate any additional agreements outside of the evaluation it makes of the Settlement Agreement.

The Court is satisfied that the form of relief is adequate.

### d.  Equitable Treatment of Class Members

The final Rule 23(e)(2) factor turns on whether the proposed settlement "treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). "Matters of concern could include whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief." Fed. R. Civ. P. 23(e)(2)(D), 2018 Advisory Committee Notes.

Plaintiffs will apply for enhancement awards of $5,000 for each of the four Named Plaintiffs, as well as Paul Wright. SA ¶ 75; <u>see</u> Declarations of Philip Alvarez, Randall Bettison, Marc Kelleher, Darlene Vaugh, and Paul Wright, Dkt. Nos. 69-4, 69-5, 69-6, 69-7, and 69-8.

It is unclear on the present record what the scope of the Named Plaintiffs' participation in the action was, and hence, the Court cannot assess the proposed additional payment. <u>See</u> <u>Boyd</u> <u>v.</u> <u>Bank</u> <u>of</u> <u>Am.</u> <u>Corp.</u>, 2014 WL 6473804, at *7 (C.D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-8605 JVS (SSx) | Date | July 15, 2020 |
|---|---|---|---|

| Title | **Phillip Alvarez v. Sirius XM Radio Inc.** |
|---|---|

Cal. Nov. 18, 2014) (citing Staton v. Boeing Co., 327 F.3d 938, 976–77 (9th Cir. 2003)). The Court will only approve the Enhancement Awards if they are supported by adequate proof, including Plaintiffs' approximate time spent on the case. The Court is unlikely to grant awards that far exceeds the individual payments made to Class Members absent proof of significant participation.

Class Counsel shall submit a declaration from Plaintiffs, supporting their enhancement awards, when Class Counsel files the fee motion. Other than the Court's stated concern regarding the sufficiency of documentation supporting the enhancement awards, which the Court will address in the final settlement approval, the Court is satisfied that all Class Members are treated equitably.

**B.     Preliminary Certification of the Proposed Settlement Class**

The second prerequisite for directing notice of the settlement to the Class is a determination that the Class is likely to meet the requirements for certification for settlement purposes. Fed. R. Civ. P. 23(e)(1)(B)(ii). Certification requires that all four elements of Rule 23(a) and at least one prong under Rule 23(b) be satisfied. For purposes of this Settlement Agreement, the Parties stipulate to class action certification. The Court examines each requirement to determine whether the Class can be certified for purposes of the Settlement Agreement.

   **1.     The Proposed Settlement Class Meets the Requirements Under Fed. R. Civ. Pro. 23(a).**

Rule 23(a) imposes four prerequisites for class actions: (1) the class is so numerous that a joinder of all members is impracticable (numerosity); (2) there are questions of law or fact common to the class (commonality); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and (4) the representative parties will fairly and adequately protect the interests of the class (adequacy). Fed. R. Civ. P. 23(a); United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO v. ConocoPhillips Co., 593 F.3d 802, 806 (9th Cir. 2010).

      **a.     Numerosity**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 18-8605 JVS (SSx)                              Date   July 15, 2020

Title       **Phillip Alvarez v. Sirius XM Radio Inc.**

Under Rule 23(a)(1), a class must be so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1). Because this requirement is not tied to a fixed numerical threshold, a court needs to examine the specific facts of each case. Rannis v. Recchia, 380 Fed. App'x 646, 651 (9th Cir. 2010). Typically, courts have found that the numerosity requirement is satisfied when the proposed class includes at least forty members. Id.

There are 964,000 Class Members. See SA. Accordingly, Plaintiffs have easily satisfied the Rule 23(a)(1) numerosity element. The Court finds that joinder of individual members is impracticable.

    **b.    Commonality**

Rule 23(a)(2) requires that there are common questions of law or fact. Fed. R. Civ. P. 23(a)(2). However, to satisfy this rule, all questions of fact and law do not need to be common. Hanlon, 150 F.3d at 1019. For instance, a class meets the commonality requirement if members share the same legal issues but have different factual foundations. Id. In addition, commonality is satisfied if members of the class share a common core of facts despite having different legal remedies. Id.

Whether Defendant breached a contract with the Settlement Class Members — the sole cause of action in the FAC— is a question that is common to all Settlement Class Members. Ahdoot Decl. ¶ 24. Indeed, even if all fifty states' law applies to the respective residents of those states, this question still predominates because the elements of this cause of action do not vary state-by-state in any significant respect. Id., Ex. A. The Court finds that sufficient commonality has been established.

    **c.    Typicality**

Rule 23(a)(3) requires that the claims or defenses of the representative parties are typical of the claims or defenses of the class. Fed. R. Civ. P. 23(a)(3). Rule 23(a)(3) has a permissive standard: the representative claims are typical if they are reasonably comparable to the claims of the absent class members; substantial identicalness between the claims is not required. Hanlon, 150 F.3d at 1020. The test for typicality is (1) whether other members have a similar injury, (2) whether the action is based on conduct that is not unique to the named plaintiffs, and (3) whether the same course of conduct has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 18-8605 JVS (SSx)    Date  July 15, 2020

Title  **Phillip Alvarez v. Sirius XM Radio Inc.**

injured other class members.  Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992).

Plaintiffs contend the claims of the named Plaintiffs are typical of the Settlement Class, arise from the same facts, and are based upon the same theory: that Sirius XM's sale of lifetime subscriptions was misleading.  Mot. at 16.

Thus, the typicality requirement is satisfied.

### d.    Adequacy

Rule 23(a)(4) requires that a representative party fairly and adequately protects the interest of the class.  Fed. R. Civ. P. 23(a)(4).  Representation is fair and adequate when (1) the representative plaintiffs and counsel have no conflicts of interest with other class members and (2) representative plaintiffs and counsel will prosecute the action vigorously on behalf of the class.  Staton, 327 F.3d at 957.

Plaintiffs have no conflicts, have read and understood the basic allegations of the FAC and are willing to prosecute this matter on behalf of the Class.  Ahdoot Decl. ¶¶ 26-27.  Further, they are represented by Class Counsel who are experienced in class action litigation.  Id. ¶¶ 30-37; Dukelow Decl. ¶¶ 2-5; Dubanevich Decl. ¶¶ 3-5.

The Court finds that adequacy has been established for purposes of preliminary approval.

### 2.    The Proposed Settlement Class Meets the Requirements Under Federal Rule of Civil Procedure 23(b)(3).

Because the proposed settlement class satisfied the prerequisites under Rule 23(a), the Court must now consider whether it also satisfies Rule 23(b). Based on the following analysis, the Court finds that it meets the requirements of Rule 23(b)(3).

Under Rule 23(b)(3), a plaintiff must show (1) that common factual and legal issues predominate over individual questions and (2) that a class action is a superior method to resolve the class claims.  Fed. R. Civ. P. 23(b)(3).  There are several relevant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 18-8605 JVS (SSx)                               Date   July 15, 2020

Title       **Phillip Alvarez v. Sirius XM Radio Inc.**

factors to consider during this analysis: (1) the class members' interest in individually controlling the prosecution or defense of separate actions, (2) the extent and nature of any litigation concerning the controversy already begun by or against class members, (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum, and (4) the likely difficulties in managing a class action.  Id. 23(b)(3)(A)–(D). Here, the Court finds (1) that common factual and legal issues predominate over individual questions and (2) that a class action is a superior method to resolve the class claims.

### a.    Common Factual and Legal Issues Predominate Over Individual Questions.

To meet the predominance requirement, common questions must be so significant that a single suit resolves all the issues at dispute for all of the class members.  Berger v. Home Depot USA, Inc., 741 F.3d 1061, 1067 (9th Cir. 2014), abrogated on other grounds by Microsoft Corp. v. Baker, 137 U.S. 1702 (2017). This predominance inquiry is a more rigorous analysis, and it presumes that there is commonality.  Gold v. Midland Credit Mgmt., Inc., 306 F.R.D. 623, 633 (N.D. Cal. 2014).

As explained previously, the Court has found commonality.  Common issues predominate over any potential individual ones because liability and damages can be resolved for all Class Members using the same evidence.  Thus, the Court finds that the predominance requirement has been met.

### b.    A Class Action is a Superior Method to Resolve the Class Claims.

A class action is a superior method to resolve the claims.  If all Class Members brought individual actions, they would need to prove the same wrongdoing by Sirius XM, using the same evidence.  Resolving these claims through a class action avoids the inefficiency of repetitious litigation and the potential risk of inconsistent rulings. Additionally, litigating each claim individually is unrealistic, as this would impose extraordinary burdens on the parties.  See Wren v. RGIS Inventory Specialists, 256 F.R.D. 180, 210 (N.D. Cal. 2009) (finding class action superior where "[t]he alternative–hundreds or even thousands of individual actions–is not realistic."). Further, the amount in dispute for individual Class Members is too small, and the required expert

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 18-8605 JVS (SSx) | Date | July 15, 2020 |
| Title | **Phillip Alvarez v. Sirius XM Radio Inc.** | | |

testimony and document review is too costly. See Just Film, Inc. v. Buono, 847 F.3d 1108, 1123 (9th Cir. 2017). Accordingly, the Court finds that a class action in this case is a superior method to resolve the claims.


**C.     The Proposed Settlement Class Meets the Notice Requirements Under Fed. R. Civ. Pro. 23(c)(2)(B).**

Under Rule 23(c)(2)(B), "for any class certified under Rule 23(b)(3)—or upon ordering notice under Rule 23(e)(1) to a class proposed to be certified for purposes of settlement under Rule 23(b)(3)—the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Rule 23(c)(2)(B) further states that the notice may be made by one of the following: United States mail, electronic means, or another type of appropriate means. Id. "The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Id.

The notice program includes direct emails and physical mailings to Settlement Class Members, an internet campaign, and reminder emails to Inactive Subscribers who have not submitted a Claim Form (to be transmitted 10 days prior to the Claim Deadline). The Settlement Administrator estimates that notice will reach at least 90% of Settlement Class Members and that the Notice Plan is the best notice practicable and satisfies all due process requirements. SA Ex. E; Azari Decl. ¶¶ 13, 26-29.

The Court finds that the Notice clearly and adequately conveys all relevant information regarding the proposed Settlement as required by Rule 23(c)(2)(B). The Notice concisely states a description of the action and the definition of the certified Class. SA Exs. B, E; Azari Decl. ¶¶ 18, 24-25. It identifies the Class claims, and explains that Class Members may enter an appearance through an attorney if the Member so desires.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 18-8605 JVS (SSx) | Date | July 15, 2020 |
| Title | Phillip Alvarez v. Sirius XM Radio Inc. | | |

Id. Finally, the Notice states that the Court will exclude from the Class any Member who requests exclusion, the time and manner for requesting exclusion, and the binding effect of a Class judgment on Members under Rule 23(c)(3). Id.

Accordingly, the proposed Settlement Class generally meets the requirements for notice.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion certifying the proposed Settlement Class, **GRANTS** preliminary approval of the proposed settlement, directs dissemination of notice to the Class pursuant to the proposed notice plan, and appoints Epiq Class Action & Claims Solutions, Inc. as the Settlement Administrator for the dissemination of notice.

**IT IS SO ORDERED.**

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |