JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP ALVAREZ, RANDALL BETTISON, MARC KELLEHER, and DARLENE VAUGH, individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>SIRIUS XM RADIO INC.,<br><br>Defendant. | Case No. 2:18-cv-08605-JVS-SS<br><br>**FINAL APPROVAL ORDER AND JUDGMENT** |

# FINAL APPROVAL ORDER AND JUDGMENT

The Court having held a Final Approval Hearing on February 8, 2021, at 1:30 p.m., at the United States District Court for the Central District of California, United States Courthouse, 411 West 4th Street, Courtroom 10C, Santa Ana, CA 92701, and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Approval Order and Judgment and good cause appearing therefore, and having considered the papers filed and proceedings held in connection with the Settlement, having considered all of the other files, records, and proceedings in the Action, and being otherwise fully advised, and for the reasons set forth in the Opinion and Order entered contemporaneously herewith,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members. Venue is proper in this Court.

2. This Final Approval Order and Judgment incorporates and makes a part hereof: (a) the Settlement Agreement dated June 5, 2020, including the definitions in the Settlement Agreement and (b) the Notices attached as Exhibits thereto, respectively, all of which were also filed with the Court on June 11, 2020. All terms used in the Order have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

3. <u>Certification of the Settlement Class for Purposes of Settlement</u>. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court certifies, solely for purposes of effectuating the Settlement, this Action as a class action on behalf of a Settlement Class defined as: all Persons in the United States who purchased a paid subscription from Sirius XM (or one of its predecessors) that was marketed as a "lifetime plan" or "lifetime subscription." Excluded from the Settlement Class are: Sirius XM and its parents, subsidiaries, or any entities in which it has a controlling interest, as well as Sirius XM's officers, directors, employees, affiliates, legal representatives, heirs, predecessors, successors, and assigns. Also excluded are any Judges to whom this case is assigned as well as their judicial staff and immediate family members (the "Settlement Class").

4. <u>Class Representatives</u>. Named Plaintiffs, Philip Alvarez, Randall Bettison, Marc Kelleher, and Darlene Vaugh are hereby appointed, for settlement purposes only, as representatives for the Settlement Class for purposes of Rule 23 of the Federal Rules of Civil Procedure.

5. <u>Class Counsel</u>. Robert Ahdoot and Tina Wolfson of Ahdoot & Wolfson, PC, Keith S. Dubanevich of Stoll Stoll Berne Lokting & Shlachter, PC, and Cornelius P. Dukelow of Abington Cole & Ellery are hereby appointed, for settlement purposes only, as counsel for the Settlement Class pursuant to Rules 23(c)(1)(B) and (g) of the Federal Rules of Civil Procedure.

6. <u>Class Notice</u>. The Court finds that the dissemination of the Notices attached as Exhibits to the Settlement Agreement: (a) was implemented in accordance with the Notice Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) their right to submit a claim (where applicable) by submitting a Claim Form; (iii) their right to exclude themselves from the Settlement Class; (iv) the

effect of the proposed Settlement (including the Releases to be provided thereunder); (v) Named Plaintiffs' application for the payment of Service Awards; (vi) Class Counsel's motion for an award an attorneys' fees and expenses; (vii) their right to object to any aspect of the Settlement, and/or Class Counsel's motion for attorneys' fees and expenses (including a Service Award to the Named Plaintiffs and Mr. Wright); and (viii) their right to appear at the Final Approval Hearing; (d) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States (including the Due Process Clause), and all other applicable laws and rules.

7. <u>Class Action Fairness Act Notice</u>. The notice to government officials, as given, complied with 28 U.S.C. § 1715.

8. <u>Objections</u>. The Court has considered each of the objections to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure. The Court finds and concludes that each of the objections is without merit, and they are hereby overruled.

9. <u>Final Settlement Approval and Dismissal of Claims</u>. Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Settlement Agreement in all respects (including, without limitation: the consideration provided for in the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendant in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class.  Plaintiffs faced serious risks on the merits of their claims, the arbitration defense, as evidenced by the dismissal of an earlier proposed class plaintiff's claim for that reason, and on their ability to certify a litigation class. The value provided pursuant to the Settlement Agreement compares favorably to the

strength of Plaintiffs' claims on the merits, given those risks. Specifically, the Court finds that, pursuant to Rule 23(e)(2), (A) Named Plaintiffs and Class Counsel have adequately represented the Settlement Class; (B) the Settlement was negotiated at arm's length; (C) the relief provided for the Settlement Class is fair, reasonable and adequate taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of the proposed award of attorneys' fees and reimbursement of costs and other expenses, as well as the Service Award to the Named Plaintiffs and Paul Wright; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the Settlement treats Settlement Class Members equitably relative to each other. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Settlement Agreement.

10. <u>Dismissal with Prejudice</u>. The Action is hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Settlement Agreement.

11. <u>Binding Effect</u>. The terms of the Settlement Agreement and of this Final Approval Order and Judgment shall be forever binding on Defendant, Named Plaintiffs, and all Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form, seeks or obtains a Settlement benefit, or objected to the Settlement), as well as their respective successors and assigns.

12. <u>Opt Outs</u>. The persons listed on Exhibit 1, attached hereto and incorporated by this reference, submitted timely and proper Requests for Exclusion, are excluded from the Settlement Class, and are not bound by the terms of the Settlement Agreement or this Final Approval Order and Judgment.

13. <u>Releases</u>. The Releases set forth in Section 83-89 of the Settlement Agreement are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders pursuant to this Final Approval Order and Judgment, without further action by anyone, upon the Effective Date of the Settlement, and as provided in the Settlement Agreement, that Named Plaintiffs and each and every member of the Settlement Class shall have released the Released Claims against the Released Parties. Notwithstanding the foregoing, nothing in this Final Approval Order and Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement Agreement or this Final Approval Order and Judgment.

14. <u>Future Prosecutions Barred</u>. The Named Plaintiffs and all Class Members are hereby barred and permanently enjoined from instituting, asserting or prosecuting any or all of the Released Claims against any of the Released Parties.

15. <u>No Admission of Liability</u>. The Court hereby decrees that the Settlement, this Final Approval Order and Judgment, and the fact of the Settlement do not constitute admissions or concessions by Defendant of any fault, wrongdoing or liability whatsoever, or as an admission of the appropriateness of class certification for trial or dispositive motion practice. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. Nothing relating to the Settlement shall be offered or received in evidence as an admission, concession, presumption or inference against Defendant or any of the Released Parties in any proceeding, other than such proceedings as may be

necessary to consummate or enforce the Settlement Agreement or to support a defense based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense.

16. <u>Retention of Jurisdiction</u>. Without affecting the finality of this Final Approval Order and Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, consummation and enforcement of the Settlement; (b) the administration of this Settlement; and (c) the Settlement Class Members for all matters relating to the Action.

17. <u>Attorneys' Fees and Expenses</u>. Class Counsel are awarded attorneys' fees in the amount of $3,470,984.63, and reimbursement of expenses in the amount of $29,015.37, and such amounts shall be paid by Sirius XM pursuant to and consistent with the terms of the Settlement.

18. <u>Service Payments</u>. Named Plaintiffs are each awarded a Service Payments as follows: $1,500 to Marc Kelleher, $1,875 to Philip Alvarez, Randall Bettison, and Darlene Vaugh; and such amounts shall be paid by Sirius XM pursuant to and consistent with the terms of the Settlement Agreement. A payment to Paul Wright in the amount of $3,000, pursuant to the Settlement Agreement, is also approved and shall be paid by Sirius XM pursuant to and consistent with the terms of the Settlement Agreement.

19. <u>Modification of the Agreement of Settlement</u>. Without further approval from the Court, Named Plaintiffs, by and through Class Counsel, and Defendant are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Final Approval Order and Judgment; and (b) do not materially limit the rights of

Settlement Class Members in connection with the Settlement. Without further order of the Court, Named Plaintiffs, by and through Class Counsel, and Defendant may agree to reasonable extensions of time to carry out any of the provision of the Settlement Agreement.

20.  Jurisdiction.  The Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement and any distributions pursuant to the Settlement; (b) the Action, until the Effective Date and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms and conditions of the Settlement Agreement, including the exhibits appended thereto; and (c) all Parties, for the purpose of enforcing and administering the Settlement Agreement and the Settlement.

21.  Termination of Settlement.  If the Settlement is terminated as provided in the Settlement Agreement or the Effective Date of the Settlement otherwise fails to occur, this Final Approval Order and Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Final Approval Order and Judgment shall be without prejudice to the rights of Named Plaintiffs, Settlement Class Members and Defendant, and the Parties shall be deemed to have reverted *nunc pro tunc* to their respective litigation positions in the Action immediately prior to the execution of the Settlement Agreement.

22. <u>Entry of Final Judgment</u>. By incorporating the Settlement Agreement's terms herein, the Court determines that this Final Approval Order and Judgment complies in all respects with Federal Rules of Civil Procedure 65(d)(1). There is no just reason to delay the entry of this Final Approval Order and Judgment and immediate entry by the Clerk of the Court is expressly directed.

**IT IS SO ORDERED:**

Date: February 09, 2021

_____
James V. Selna
United States District Judge

# EXHIBIT 1
*Alvarez v. Sirius XM Radio Inc.* Case No. 2:18-cv-8605-JVS-SS
**Opt Out List**

| Opt Out | Name |
|---|---|
| 1 | ARTHUR SKALETSKY |
| 2 | JEFFREY L GARDNER |
| 3 | JIMMY CLEMONS |
| 4 | RICHARD KATZMAN |
| 5 | ALEXANDER ROHE |
| 6 | DEBORAH ROBERSON |
| 7 | LU ANN JOHNSON |
| 8 | JAMES BURTON |
| 9 | EDWARD COSTLEY |
| 10 | CAROL MOTE |
| 11 | ROBERT DUFFUS |
| 12 | ALLAN RODAK |
| 13 | VERA M ELDEN |
| 14 | ANN MCCLELLAND |
| 15 | STEVEN LOVERDE |
| 16 | JOSHUA HUDSON |
| 17 | JOYCE MERKIN |
| 18 | CHARLES LOEWEN |
| 19 | ROBERT BASS |
| 20 | JOHN VLOCK |
| 21 | JIM SWILER |
| 22 | CAROLYN MEYER |
| 23 | FRANCES PHILIP |
| 24 | C JIM HICKS |
| 25 | JIMMY FLOURNOY |
| 26 | YVONNE PASSEY |
| 27 | JOHN SCHMIDT |
| 28 | THOMAS PADEGIMAS |
| 29 | JOSEPH URSONE |
| 30 | JOE SCHOENHERR |
| 31 | FRANK QUAGLIARIELLO |
| 32 | EMANUEL GONZALES |
| 33 | ROY E ROGERS |
| 34 | WAYNE R TAYLOR |
| 35 | BELINDA KERSCHNER |
| 36 | ANDREA VASALI |
| 37 | DONNA BEECH |
| 38 | RICHARD GROSS |